UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.:

| | |
|---|---|
| ADELAIDE VONLEH and <br> NICOLE VONLEH <br><br> Plaintiffs, <br><br> vs. <br><br> DEUTSCHE LUFTHANSA AG, <br> BRUSSELS AIRLINES, <br> UNITED AIRLINES <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

### PARTIES

1. The plaintiff, Adelaide Vonleh is an individual who resides in Revere, Suffolk County, Massachusetts.

2. The plaintiff, Nicole Vonleh is an individual who resides in Revere, Suffolk County, Massachusetts.

3. The defendant, Deutsche Lufthansa AG (hereinafter "Lufthansa") is a foreign corporation domiciled in and existing under and by virtue of the laws of Germany with its principal place of business in Cologne, Germany.

4. The defendant, Brussels Airlines is owned by Deutsche Lufthansa AG.

5. The defendant, United Airlines is a Delaware corporation and is headquartered at 233 South Wacker Drive, Chicago, Illinois.

**JURISDICTION AND VENUE**

6. The court has subject matter jurisdiction in that there is complete diversity of citizenship based on 28 U.S.C. § 1332. This is a civil action between citizens who are residents of different or foreign states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Jurisdiction in this matter also exists under 28 U.S.C. § 1331 under federal question in that the rights and obligations of the parties are governed by a Federal Treaty, the Convention for the Unification of Certain Rules Relating to International Carriage by Air, signed at Warsaw on October 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105, commonly known as "THE WARSAW CONVENTION" and/or in the alternative under The Convention for the Unification of Certain Rules for International Carriage by Air, Done at Montreal, May 28, 1999, commonly known as "THE MONTREAL CONVENTION".

8. Plaintiffs are informed and believe on that basis allege that Lufthansa, Brussels Airlines and United Airlines, do sufficient business in the Commonwealth of Massachusetts and in the District of Massachusetts for this court to exercise personal jurisdiction over them, such that the maintenance of this action in this forum will not offend traditional notions of fair play and substantial justice.

9. Jurisdiction lies in this court based on MONTREAL CONVENTION Article 33 (2) in that THE MONTREAL CONVENTION confers national jurisdiction on the federal courts of the United States since Plaintiffs are citizens of the United States and residents of Suffolk County within the District of Massachusetts therefore making the venue proper in this District Court.

10. Plaintiffs are informed and believe that Lufthansa, Brussels Airlines and United Airlines operate commercial flights within, to and/or from the United States and/or maintain offices in the United States, thereby fully satisfying Article 33 (2) of THE MONTREAL CONVENTION.

11. Venue is proper pursuant to 28 U.S.C. § 1391 (c) because Lufthansa, Brussels Airlines and United Airlines are subject to personal jurisdiction in this judicial district for the reasons set forth.

**FACTS**

12. On or about July 25, 2018, Thomas Vonleh Ferguson passed away in Liberia. He was the late husband of Adelaide Vonleh and the father of Nicole Vonleh.

13. After the passing of Thomas Vonleh Ferguson, Adelaide Vonleh hired Samuel A. Stryker Funeral Service ("Stryker") in Monrovia, Liberia to make necessary arrangements to have the body shipped to the United States in order to have funeral services at the Solomine Funeral Home in Lynn, Massachusetts.

14. Stryker advised Adelaide Vonleh that the body would arrive in Boston, Massachusetts on September 1, 2018. The body was to be transported from the Robert Interrnational Airport (ROB) in Monrovia, Liberia to Brussels Airport (BRU) Belgium via Brussels Airlines then from Brussels to Newark, New Jersey (EWR) on United Airlines. Finally, the body would be transported from Newark to Logan Airport (BOS) Boston, Massachusetts (BOS) on United. A copy of the Airway Bill from Stryker is attached hereto Exhibit "1".

15. On August 31, 2018, the body of Thomas Vonleh Ferguson was delivered by Stryker to the Monrova Airport and into the care, control and custody of Bruseels Airlines. The body was then transported by Brusells Airlines and arrived in Bruselllls on August 31, 2018 at which time United Airlines was to coordinate with Brussels Airlines for the transfer to the United States.

16. On September 1, 2018, however Lufthansa Airlines transported the body from Brussels to Washington Dulles (IAD). When the body arrived in Dulles it was then shipped back on Lufthansa to Brussels, allegedly due to damage to the coffin in transit.

17. The remains of Thomas Vonleh Ferguson remained in Brussels until September 5, 2018 at which time Luftansa then transported the body from Brussels to the Frankfort am Main Airport (FRA)

Germany. On September 6, 2018 Lufthansa transported the body from Frankfurt to Boston where it finally arrived on September 7, 2018 six (6) days late.

18. At all material times, The defendants and their agents had a duty to reasonably protect and respect Plaintiffs' psychosocial and spiritual concerns and their emotional well-being, in relation to Thomas Vonleh Ferguson's body.

19. As a result of the mishandling and delays regarding of the body of Thomas Vonleh Ferguson, Adelaide Vonleh and Nicole Vonleh experienced severe emotional distress.

## COUNT I

## NEGLIGENCE

20. The plaintiffs reallege the allegations contained in paragraphs 1 through 19 as set forth heretofore.

21. At all times material hereto, defendants owed a duty to plaintiffs to exercise that degree of knowledge, care and skill which should have been exercised.

22. Defendants breached their duties to the plaintiffs and were negligent.

23. As a direct and proximate result of defendants' negligence, the plaintiffs have suffered substantial damages, losses and injuries, including, but not limited to, damages for emotional distress, mental anguish, and pain and suffering.

## COUNT II

## MISHANDLING OF A CORPSE

24. The plaintiffs reallege the allegations contained in paragraphs 1 through 23 of the Complaint.

25. Defendants owed a duty to the plaintiffs to properly handle and timely transport the body of Thomas Vonleh Ferguson.

26. Defendants negligently mishandled the body of Thomas Vonleh Ferguson when they failed to strictly adhere to regulations regarding the timely transport of said body.

27. As a direct and proximate results of defendants' mishandling of Thomas Vonleh Ferguson's body,

plaintiffs have suffered substantial damages, losses and injuries, including, but not limited to, damages for emotional distress, mental anguish and pain and suffering.

28. The conduct of defendants was willful, wanton, reckless, intentional and in utter disregard of plaintiffs' rights and interests, entitling the plaintiffs an award of punitive damages in addition to compensatory damages.

## COUNT III

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

29. The plaintiffs reallege the allegations contained in paragraphs 1 through 28 of the Complaint.

30. Defendants had notice pursuant to its contract and authorization for the transportation of the body of Thomas Vonleh Ferguson and thus knew, or should have known, that their failure to exercise due care in properly handling the body would cause plaintiffs severe emotional distress.

31. Defendants negligently failed to timely transport Thomas Vonleh Ferguson's body from Monrovia, Liberia to Boston, Massachusetts. Defendants failure to exercise care in transporting the body constituted a breach of their duty of care to transport the body in a safe, timely and secure manner.

32. As a direct and proximate cause of the conduct of the defendants as alleged herein, plaintiffs suffered mental, emotional, and physical distress and pain, and other bodily injuries.

## COUNT IV

### BREACH OF CONTRACT

33. The plaintiffs reallege the allegations contained in paragraphs 1 through 32 of the Complaint.

34. Defendants had a duty under their contract with plaintiffs to properly handle the body of Thomas Vonleh Ferguson and timely transport the body to Boston.

35. Defendants breached the contract when they failed to timely transport the body with skill and care.

36. As a direct and proximate cause of defendants' breach of their contract with plaintiffs, plaintiffs have suffered substantial damages and losses, including, but not limited to, damages for emotional distress, mental anguish and pain and suffering.

37. The conduct of defendants was willful, wanton, reckless, intentional and in utter disregard of plaintiffs rights and interests, entitling plaintiff to an award of punitive damages in addition to compensatory damages.

**WHEREFORE,** Plaintiffs, pray judgment against Defendants, Lufthansa, Brussels Airlines and United Airlines as follows:

1. General damages;
2. Special damages according to proof;
3. Costs of suit;
4. For attorneys' fees as permitted by of law;
5. For pre-judgment interest and to the extent such is allowed by law;
6. For such other and further relief as the court may deem proper; and
7. For an early adjudication of the court that Lufthansa, Brussels Airlines and United Airlines owe and must pay to the Plaintiffs the sum of 128 821 SDR (special drawing rights), with leave to Plaintiffs to prove and collect additional damages pursuant to Article 21 of THE MONTREAL CONVENTION.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a jury trial in this matter.

Respectfully submitted,
THE PLAINTIFFS
By Their Attorneys,

Dated:   June 18, 2020                                  */s/ Louis J. Muggeo*
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA 01970
(978) 741-1177
BBO #359220
lmuggeo@ljmassoc.com